UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. CENSKE, #484602,

    Petitioner,

                                        Civil No: 06-CV-14418
                                        Honorable Paul V. Gadola

v.

THOMAS BIRKETT,

    Respondent.
_____

### OPINION & ORDER DENYING PETITIONER'S MOTION TO IMPOSE SANCTIONS & MOTION TO SHOW CAUSE

**I.**    **Introduction**

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of felony stalking and for misusing telecommunications (i.e., internet). He was sentenced to forty to sixty months imprisonment and claims that he has been arbitrarily denied parole. Petitioner has filed two motions with the Court: "Motion to Impose Sanctions" and "Motion to Show Cause." Petitioner asserts that Respondent made false claims and has executed false service upon the Court causing purposeful delay. Therefore, Petitioner requests that the Court find Respondent in contempt and that the Court "give full consideration [the show cause motion] for the sanctions requested." Pet. Mot. Show Cause, docket entry #16 (May 3, 2007). Upon review of the pleadings, the Court will deny both motions.

**II.**    **Discussion**

"Under Rule 11[1], sanctions may be imposed if a reasonable inquiry discloses the pleading,

---

[1]**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper– whether by signing, filing submitting, or later advocating it – an attorney

motion, or paper is: (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Westmoreland v. CNS, Inc.*, 770 F.2d 1168, 1175 (D.C. 1985); *see also Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1379 (6th Cir. 1987). Petitioner claims that Respondent's "Motion to Enlarge Response Time" was improperly filed and falsely served. The Court docket reflects that the motion was electronically filed on December 22, 2006. However, according to Petitioner, he did not receive it until a few days later; and the mailing had a postmark on it that was five days after the motion was filed with the Court (i.e., December 27, 2006). Petitioner makes two claims: (1) Respondent purposefully delayed in serving Petitioner with the motion by not getting it to the post office until five days after it was filed with the Court ; and (2) Respondent filed a false proof of service because it states that Petitioner was served on December 22, 2006 and he was not.

Aside from Petitioner's blanket assertion that Respondent made false claims and purposefully delayed in mailing Petitioner a copy of the extension motion, he has provided the Court with no supporting facts to substantiate his claim. There can be any number of reasons why the postmark on the motion was five days after it was filed with the Court. December 22, 2006 was a Friday and that

---

or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . .

**(c) Sanctions.** (1) **In General**. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . .

Fed. R. Civ. P. 11.

following Monday was Christmas Day. Certainly, the fact that it was a holiday weekend, that no one was likely in the office on the 25th with it being Christmas Day, and the office may have been closed on the 26th would explain the delay in the mailing getting to the Petitioner. Another scenario is the assistant attorney general may have put the mailing in the office mailbox, expecting that his secretary would mail it out on the same day, but it did not happen. In any event, Petitioner has failed to demonstrate that the delay was intentional, that the proof of service was drafted in bad faith or that the delay was purposeful in order to cause harassment. Additionally, Petitioner has not shown that the delayed mailing prejudiced the habeas review of his case.

**III.  Conclusion**

**ACCORDINGLY, IT IS ORDERED** that Petitioner's "Motion to Impose Sanctions" [docket entry #10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's "Motion to Show Cause" [docket entry #16] is **DENIED** as **MOOT.**

Dated:   October 12, 2007           s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   October 12, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                      Raina I. Korbakis                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Thomas Censke             .

                                    s/Ruth A. Brissaud
                                    Ruth A. Brissaud, Case Manager
                                    (810) 341-7845

3