UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. CENSKE, #484602,

    Petitioner,

                                                  Civil Case No. 06-14418
                                                  Honorable Stephen J. Murphy, III

v.

THOMAS BIRKETT,

    Respondent.
_____/

## OPINION & ORDER DISMISSING HABEAS CORPUS PETITION AS MOOT

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner was convicted of felony stalking, M.C.L. § 750.411(i), and malicious use of a telephone to threaten, M.C.L. § 750.540e(1)(a). He was sentenced on February 20, 2004 to 3⅓ to 5 years' imprisonment. Petitioner asserts that he has been unfairly and arbitrarily denied parole for the following reasons: (1) Petitioner would not admit to the parole board panel that he was guilty of the crime with which he was convicted; (2) Petitioner was denied parole as a result of discrimination by the Michigan Department of Corrections; (3) the Parole Board ignored relevant facts surrounding his case which resulted in Petitioner's liberty interests being violated; and (4) the Parole Board's evaluation of Petitioner's assaultive criminal history precluded him from obtaining parole status. As a result, Petitioner seeks parole from his sentence. Respondent filed his responsive pleading asserting that Petitioner's habeas claim was "unexhausted, not cognizable upon federal habeas review, or without merit." Resp. Br. at 6 [docket entry #13]. On April 24, 2008, Petitioner was discharged from serving the remainder of his sentence. Pending before the Court are the following motions filed by Petitioner: "Motion for Reconsideration," "Motion to Hold in Abeyance

the Proceeding of Final Judgment by Court," and "Motion to Show Cause and Motion to Amend or Enjoin Claim." For the reasons set forth below, the Court will deny each of Petitioner's motions as moot. The Court likewise dismisses Petitioner's request for habeas relief as moot.

I. Discussion

A. Denial of Parole

When a petitioner challenges a parole revocation, but has completed the sentence imposed upon revocation, his challenge to that revocation is moot unless he can demonstrate the existence of actual collateral consequences resulting from the revocation. *Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998). It follows that when a petitioner challenges a parole denial, but has subsequently been granted parole, his challenge to the earlier denial is moot unless he can show the existence of actual collateral consequences from the earlier denial. *See Moser v. Phillips*, 2002 WL 1009556, at *1 (E.D. Mich. 2002). In this case, Petitioner was discharged *without* parole on April 24, 2008, and is therefore no longer under the jurisdiction of the Michigan Department of Corrections and is no longer confined. When a petitioner does not attack the legality of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Land v. Williams*, 455 U.S. 624, 631 (1982). In this case, Petitioner does not attack the validity of his conviction, but rather challenges the issue of whether he was wrongfully denied parole by the Parole Board.

B. Mootness

Article III, section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the

2

defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer*, 523 U.S. at 7. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained in federal court and not considered moot. *Id.*

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the United States Constitution. *See Ayers v. Doth*, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requisite relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby*, 351 F.3d 1049, 1054, n.3 (11th Cir. 2003).

In this case, Petitioner has completed his sentence and has been discharged from custody *without* parole. Petitioner has not shown that he suffers continuing collateral consequences flowing from the denial of his parole. Absent such a showing, a petitioner's claims regarding the denial of parole and/or the revocation of his parole are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Spencer*, 523 U.S. at 7-14; *see also Prowell v.*

*Hemingway*, 37 Fed. Appx. 768, 769-70 (6th Cir. 2002) (federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences). Petitioner's sentence has been completed and he has been discharged from custody, and any injury Petitioner suffered cannot be redressed by a favorable judicial decision from this Court. As such, the petition is subject to dismissal.

**II. Conclusion**

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Reconsideration" [docket entry #20] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Hold in Abeyance the Proceeding of Final Judgment by Court" [docket entry #21] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Show Cause and Motion to Amend or Enjoin Claim" [docket entry #23] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that the "Petition for Writ of Habeas Corpus" [docket entry #1] is **DISMISSED** and **DENIED** as **MOOT.**

**SO ORDERED.**

Dated: September 4, 2008        s/Stephen J. Murphy, III
                                HONORABLE STEPHEN J. MURPHY, III
                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  September 4, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Raina I. Korbakis                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Thomas Censke              .

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845