**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS A. CENSKE, #484602

        Petitioner,

v.                                        CIVIL CASE NO. 06-14418

                                          HONORABLE STEPHEN J. MURPHY, III

THOMAS BIRKETT,

        Respondent.

_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION**

        The petitioner, Thomas A. Censke, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his convictions for felony stalking, M.C.L. § 750.411(i); and malicious use of a telephone to threaten, M.C.L. § 750.540(1)(a). On September 4, 2008, the Court issued an "Opinion and Order Dismissing Habeas Corpus Petition as Moot." The petitioner has filed a "Motion for Reconsideration." The Court will deny the motion.

        Motions for reconsideration may be granted when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall &*

*Associates, P.C.*, 967 F.Supp. 951, 952 (E.D. Mich.1997).

In his motion for reconsideration, the petitioner asks that his motion be granted for purposes of reviewing the mootness of the petition and the mootness of his reconsideration[1] and show cause motions. The Court determined that the petition was moot because the petitioner completed the imposed sentence, has been discharged from custody without parole, and has not shown that he suffers continuing collateral consequences flowing from the decision to deny parole in his case. Consequently, the motions filed regarding the petitioner's reconsideration, abeyance, and show cause claims were also ruled as moot.

These claims are issues that the Court has already ruled upon. Therefore, the petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. E.D. Mich. L.R. 7.1(g)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). The petitioner has failed to demonstrate that the Court's decision regarding the mootness of the habeas petition and the above referenced motions, was based upon a palpable defect by which the Court was misled.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petitioner's "Motion for

---

[1] The petitioner filed a motion to impose sanctions and a motion to show cause. Both motions were denied on October 12, 2007. The petitioner then filed: (1) a motion for reconsideration; (2) another motion to show cause; and (3) a motion to hold this matter in abeyance and to amend the petition or enjoin claim(s) on November 1, 2007. The latter three motions were determined moot in this Court's September 4, 2008 order. The petitioner agrees with the Court's decision relative to the abeyance motion and is not asking for reconsideration on that issue.

Reconsideration" [docket entry # 33] is **DENIED**.

**SO ORDERED.**

                              s/Stephen J. Murphy, III
                              Stephen J. Murphy, III
                              United States District Judge

Dated: November 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2008, by electronic and/or ordinary mail.

                              s/Alissa Greer
                              Case Manager