UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CENSKE,

        Petitioner,

                                    CIVIL CASE NO. 06-14418

v.

                                    HONORABLE STEPHEN J. MURPHY, III

THOMAS BIRKETT,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

On September 4, 2008, this Court denied the petitioner Thomas Censke's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner filed a motion for reconsideration. On November 14, 2008, the Court denied the motion for reconsideration. The petitioner has now appealed the Court's denial of this habeas corpus petition to the Sixth Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if the petitioner is entitled to a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

In this case, the Court denied the petitioner's habeas corpus petition on the grounds that the case was moot. In coming to that ruling, the Court found that the petitioner had completed his sentence and he had been discharged from custody without parole, and therefore, the petitioner could not show any injuries which could be redressed by a favorable judicial decision from this Court. After conducting the required inquiry, the Court finds that the petitioner has not shown a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the Court's assessment of the petitioner's claims debatable or wrong. The petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484.

**ACCORDINGLY, IT IS HEREBY ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

                     s/Stephen J. Murphy, III
                     Stephen J. Murphy, III
                     United States District Judge

Dated:  January 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2009, by electronic and/or ordinary mail.

                     s/Alissa Greer
                     Case Manager